**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Israel A. Rivera, | No. CIV 08-659-TUC-FRZ (GEE) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan; et al., | |
| Respondents. | |

On December 15, 2008, Israel A. Rivera, an inmate confined in the Arizona State Prison Complex in Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254.  [doc. #1]   Before the court are the petition and the respondents' answer.[1]

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Edmonds for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the petition on the merits.  Rivera's seventy-year sentence for five sexual assaults does not violate his Eighth Amendment right against cruel and unusual punishment.

---

[1] Interim director of the Arizona Department of Corrections, Charles L. Ryan, is substituted for the respondent, Dora B. Schriro, pursuant to Fed.R.Civ.P. 25(d).

Summary of the Case

Rivera pleaded guilty in Pima County Superior Court to five counts of sexual assault. (Respondents' answer, p. 3; Exhibit C.)  His plea agreement specified that he could be sentenced to up to 14 years on each count and the sentences would run consecutively. (Respondents' answer, p. 3.)  On February 3, 2006, the trial court imposed consecutive aggravated sentences of 14 years for each count totaling 70 years. (Respondents' answer, p. 3; Exhibit C.)  The trial court acknowledged that the defendant had a low IQ, mental health issues, and was young. (Respondents' answer, p. 3.)   Nevertheless, the trial court found these mitigating factors outweighed by the aggravating factors. (Respondents' answer, Exhibit F, p. 27.)

Rivera filed a notice of post-conviction relief on March 29, 2006. (Respondents' answer, p. 4.) He filed his petition on January 19, 2007. (Respondents' answer, Exhibit G.) He argued his 70-year sentence violates his Eighth Amendment right against cruel and unusual punishment.  *Id.*  The trial court dismissed the petition on April 3, 2007. (Respondents' answer, Exhibit B.)

Rivera filed a petition for review with the court of appeals on May 2, 2007. (Respondents' answer, Exhibit H.)  The court of appeals granted review but denied relief on October 16, 2007. (Respondents' answer, Exhibit I.)  Rivera filed a petition for review with the Arizona Supreme Court, but the court denied review on January 28, 2008. (Respondents' answer, Exhibit K.)

On December 15, 2008, Rivera filed the instant Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. [doc. #1] He argues his seventy-year sentence violates his Eighth Amendment right against cruel and unusual punishment because he committed the offenses when he was 20 years old, he has an IQ of 84, he grew up on the streets, and he has a "short criminal history." *Id.*

The respondents filed an answer on April 10, 2009. (Respondents' answer.)  They conceded the petition is timely and Rivera's issue was exhausted. *Id.* They argue the petition should be denied on the merits. *Id.* Rivera did not file a reply.

Discussion

The writ of habeas corpus affords relief to prisoners in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. If the petitioner is in custody pursuant to the judgment of a state court, the writ shall not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254.

A decision is "contrary to" Supreme Court precedent if the "state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior Court of California ex rel. County of Los Angeles,* 329 F.3d 683, 687 (9th Cir. 2003). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of [the] case in a way that was not only incorrect or clearly erroneous, but objectively unreasonable." *Id.* "It is not enough that our independent review of the legal question leaves us with a firm conviction that the state court decision was erroneous." *Id.*

If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005). In this case, the Arizona Supreme Court did not explain its decision to deny review, so this court must analyze the decision of the state appellate court.

The state appellate court held that Rivera's sentence does not violate his Eighth Amendment right against cruel and unusual punishment. This decision was not "contrary to" or "an unreasonable application of [] clearly established Federal law." 28 U.S.C. § 2254.

The Eighth Amendment of the U.S. Constitution guarantees that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The

phrase "cruel and unusual punishments" includes sentences of incarceration that are grossly disproportionate to the underlying offense. *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). A sentence of incarceration will be found grossly disproportionate only in the "exceedingly rare" and "extreme" case. *Id.* at 72-73.

As a first step in analyzing an Eighth Amendment claim, the court should conduct "a threshold comparison of the crime committed and the sentence imposed." *Gonzalez v. Duncan*, 551 F.3d 875, 883 (9th Cir. 2008). The court must "weigh the criminal offense and the resulting penalty in light of the harm caused or threatened to the victim or to society and the culpability of the offender." *Id.* (internal punctuation removed). If this inquiry "leads to an inference of gross disproportionality," the court will widen the scope of its analysis and conduct an intrajurisdictional and interjurisdictional comparative analysis of the sentence. *Id.* at 887.

In this case, the court's threshold analysis does not reveal an inference of gross disproportionality. Rivera's 70-year sentence is considerable, but its length arises primarily from the fact that Rivera committed five separate offenses. *See U.S. v. Aiello*, 864 F.2d 257, 265 (2nd Cir. 1988) ("Eighth amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence."); *see also U.S. v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998); *Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001). For each sexual assault, Rivera received a sentence of 14 years' imprisonment. While this is by no means an inconsequential sentence, it is not rare or extreme when compared to the sentences imposed on other felony defendants.

The criminal offense at issue, sexual assault, is extremely serious. It is perhaps second only to murder in its potential for harm to the victim and society. *See Coker v. Georgia*, 433 U.S. 584, 597 (1977). Comparing the criminal offense with the sentence imposed does not lead to an inference of gross disproportionality. The Supreme Court has allowed far longer sentences for far less egregious crimes. *See, e.g., Harmelin v. Michigan*, 501 U.S. 957, 961, 994-95 (1991) (A sentence of life in prison without the possibility of parole for possession of 672 grams of cocaine imposed on a defendant without a prior felony conviction did not violate the Eighth Amendment.).

Rivera further argues his sentence is unconstitutional in light of his personal mitigating circumstances: he committed the offenses when he was 20 years old, he has an IQ of 84, he grew up on the streets, and he has a "short criminal history."[2] The court will assume, without deciding, that the equities of the case are relevant to the Eighth Amendment disproportionality analysis. *See Lockyer v. Andrade*, 538 U.S. 63, 72 (2003) ("Our cases exhibit a lack of clarity regarding what factors may indicate gross disproportionality."); *U.S. v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998) (discussing the circumstances of the particular offenses); *but see Arizona v. Davis*, 206 Ariz. 377, 384 (2003) (The court must consider "the facts of the case and circumstances of the offender" only "if the sentence imposed is so severe that it appears grossly disproportionate to the offense."), *cert. denied*, 541 U.S. 1037 (2004). Nevertheless, after considering the totality of the circumstances it still appears that Rivera's sentence is not grossly disproportionate to the offenses.

Taking Rivera's personal mitigating circumstances at face value, the court cannot say they outweigh the aggravating circumstances of the crimes themselves. Rivera "invaded the homes of five different victims and sexually assaulted them." (Respondents' answer, Exhibit I, pp. 2-3.) "He threatened to kill at least two of his victims if they did not submit to being raped." *Id.* "He used a gun in two of the assaults and a knife in another." *Id.* "While assaulting one victim, he threatened to kill or rape her children if she screamed." *Id.* This court's Eighth Amendment analysis is not changed by considering the totality of the circumstances concerning Rivera and his offenses.

The court concludes Rivera's sentence is not grossly disproportionate to his offenses and therefore does not violate his Eighth Amendment right against cruel and unusual punishment. Accordingly, the decision of the state court was not "contrary to" or "an unreasonable application of [] clearly established Federal law." 28 U.S.C. § 2254; *see, e.g.*, *U.S. v. Harris*, 154 F.3d 1082, 1083 (9th Cir. 1998) (A 95-year sentence for five counts of bank robbery and

---

[2] In his Rule 32 petition, Rivera conceded he had "one adult conviction for burglary and juvenile offenses dealing mostly with liquor violations." (Respondents' answer, Exhibit G, p. 11.)

five counts of use of a firearm when committing a crime of violence does not violate the Eighth Amendment.); *Hawkins v. Hargett*, 200 F.3d 1279 (10th Cir. 1999) (A 100-year sentence for burglary, forcible sodomy, rape, and robbery with a dangerous weapon committed by a thirteen-year old does not violate the Eighth Amendment.), *cert. denied*, 531 U.S. 830 (2000); *Edwards v. Butler*, 882 F.2d 160, 167 (5th Cir. 1989) (A sentence of life without parole for aggravated rape does not violate the Eighth Amendment.).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Petition for Writ of Habeas Corpus. [doc. #1]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 2nd day of June, 2009.

_____
Glenda E. Edmonds
United States Magistrate Judge